UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Calvis Montrell Robinson, #291104, | ) C/A No. 9:06-440-CMC-GCK |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Captain Brunson; Jane Doe #1, nurse; and Jane Doe #2, nurse, | ) |
| Defendant(s). | ) |



This is a civil rights action filed *pro se* by a local detention center inmate.[1] Plaintiff is currently incarcerated at the Florence County Detention Center. He alleges that he suffered an injury to his foot and that medical care for the foot has been inadequate, resulting in permanent injury to his foot. In response to the initial "proper form" Order issued in this case, Entry 3, Plaintiff submitted certain documents, including an Amended Complaint, which has been docketed as Entry 4, and an un-signed Statement of Assets, which was docketed as Entry 5. The Amended Complaint names two Defendants who were not named in the original Complaint and removes one Defendant which was named originally. Grievance forms are attached as exhibits to the Amended Complaint; however, the space provided for "relief" on the form on which the Amended Complaint was submitted was left blank. Entry 4, at 6. As a result of Plaintiff's submission of an entirely new Amended Complaint, the original Complaint (Entry 1) is no longer operative in this case and, thus, its contents have not been considered in connection with this Report.

In the initial "proper form" Order issued in this case, Entry 3, Plaintiff was specifically warned that failure to comply with the directions for bringing this case into proper form contained

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

in the Order could result in dismissal of this case: "**If this case is not brought into proper form by the date specified in this Order, this case may be dismissed.**" Id. However, although he was directed to "Complete *and sign* the enclosed Statement of Assets" (emphasis added), he did not sign the Statement of Assets that he submitted to the Court. Entry 5, at 2. As a result of Plaintiff's failure to request specific relief from the Court and his failure to fully comply with the initial Order in this case, the case should be dismissed without prejudice.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).



*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

2

As stated above, Plaintiff has failed to request any relief or suggest to this Court any remedy he desires for the alleged violations of his medical-care rights as a county detainee. For this Court to find Plaintiff's rights have been violated but order no remedy would, in effect, be rendering an advisory opinion. Such action is barred by Article III of the Constitution.See Preiser v. Newkirk, 422 U.S. 395, 401 (1975); Boston Chapter, NAACP v. Beecher, 716 F.2d 931, 933 (1st Cir. 1983); see also Norvell v. Sangre de Cristo Dev. Co., 519 F.2d 370, 375 (10th Cir. 1975) (federal courts do not render advisory opinions). The Tenth Circuit Court of Appeals faced an analogous situation in Public Service Co. v. EPA, 225 F.3d 1144 (10th Cir. 2000), upon the plaintiff's failure to request "specific relief":

> This court would violate Article III's prohibition against advisory pinions were it to do that which PSCo requests, i.e., issue a mere statement that the EPA's interpretation and application of the law was incorrect without ordering some related relief.

Id. at 1148 n. 4 (citing United States v. Burlington N. R.R. Co., 200 F.3d 679, 699 (10th Cir. 1999)). Cf. James Madison Ltd. by Hecht v. Ludwig, 82 F.3d 1085, 1092 (D.C. Cir. 1996)(holding that, if the court were barred from granting the requested relief, its decision "would be an advisory opinion barred by Article III of the Constitution"). Since the operative Amended Complaint does not request any form of relief from this Court, it fails to state any type of viable federal claim and, as a result, is subject to summary dismissal.



Furthermore, Plaintiff's failure to comply with this Court's initial Order with regard to the Statement of Assets submitted in this case makes this case subject to summary dismissal without prejudice. See Fed.R.Civ.P. 41(b)(district courts may dismiss an action if a plaintiff fails to comply with "any order of the court." ); see also Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989)(dismissal with prejudice appropriate where warning given); Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982)(court may dismiss sua sponte). Plaintiff has not paid the filing fee in this case, nor has he submitted properly any signed documents under which this

3

Court could grant him leave to proceed with the case without first paying the filing fee. Although there is language contained in the Statement of Assets under which a detainee such as Plaintiff can obtain leave to proceed with a civil case in this Court without first paying the full filing fee, without Plaintiff's signature on the document signifying his recognition and acceptance of the terms contained therein, the document submitted by Plaintiff is ineffective and cannot be considered. As a result, this case cannot go forward due to Plaintiff's failure to either pay the fee or properly seek leave to proceed under terms of the Prison Litigation Reform Act (PLRA).

## Recommendation

Accordingly, it is recommended that the District Court dismiss this case *without prejudice* and without issuance and service of process. See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

George C. Kosko
United States Magistrate Judge

April 6, 2006
Charleston, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
